UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

08-60099

CASE NO. CR-ZLOCH

MAGISTRATE J____
SNOW

18 U.S.C. § 371

UNITED STATES OF AMERICA

vs.

BRADLEY BIRKENFELD and
MARIO STAGGL,

Defendants.
_____/

## INDICTMENT

The Grand Jury charges that:

### INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

1. The Internal Revenue Service ("IRS") was an agency of the United States Department of Treasury responsible for administering and enforcing the tax laws of the United States and collecting the taxes owed to the Treasury of the United States by its citizens.

**The Conspirators**

2. Defendant BRADLEY BIRKENFELD is a United States citizen born and educated in the United States. Defendant BRADLEY BIRKENFELD has resided in Switzerland since 1996, and worked for two of the largest Swiss banks and the Swiss branch of a large bank based in London, England. From 2001 through 2006, defendant BRADLEY BIRKENFELD worked as a director in the private banking division of a Swiss bank ("the Swiss Bank"), which also owns and operates banks, investment banks and stock brokerage business throughout the

United States. Defendant BRADLEY BIRKENFELD marketed Swiss banking services to wealthy United States clients. After leaving the Swiss Bank in 2006, defendant BRADLEY BIRKENFELD continued to provide off-shore banking services to United States clients through a Swiss corporation that has offices in Miami, Florida.

3. Defendant MARIO STAGGL resides in Liechtenstein, where he owns and operates a trust company, New Haven Trust Company Ltd. During the period 2001 through the present, defendant MARIO STAGGL devised, marketed and implemented tax evasion schemes for United States clients. Defendant MARIO STAGGL's United States tax evasion schemes utilized Liechtenstein nominee entities, Liechtenstein banks, and Danish shell companies.

4. One of the clients that defendants BRADLEY BIRKENFELD and MARIO STAGGL provided services to was a billionaire United States real estate developer (hereinafter identified as "I.O."), an unindicted co-conspirator not named as a defendant herein, who maintained residences and operated his business in Southern Florida and in Southern California. As described below, I.O. utilized the services of defendants BRADLEY BIRKENFELD and MARIO STAGGL to evade United States income taxes on the income earned on approximately $200,000,000 of assets maintained in secret bank accounts in Switzerland and Lichtenstein.

**The Tax Fraud Scheme**

5. In 2001 the Swiss Bank voluntarily entered into a Qualified Intermediary agreement with the Internal Revenue Service pursuant to which the Swiss Bank agreed to identify and document any customers who received reportable United States source income. In accordance with IRS requirements, the Swiss Bank agreed to have its customers fill out IRS Forms W-8BEN, which require foreign beneficial owners of bank accounts to be identified, and

IRS Forms W-9, which require United States beneficial owners of bank accounts to be identified. This Qualified Intermediary agreement was a major departure from historical Swiss bank secrecy laws under which Swiss banks concealed bank information for United States clients from the IRS. The Swiss Bank further agreed to issue IRS Forms 1099 to United States customers for United States source payments of dividends, interest, rents, royalties and other fixed or determinable income paid into the United States customers' off-shore bank accounts and file the Form 1099 information with the IRS. As a result of this agreement, the Swiss Bank was able to hold itself out as a Qualified Intermediary and claim benefits as a Qualified Intermediary. At all relevant times to this indictment, the Swiss Bank represented to the IRS that it had continued to honor this Qualified Intermediary agreement.

6. During the period from at least in or about 2001 through the date of this indictment, defendants BRADLEY BIRKENFELD and MARIO STAGGL, and others known and unknown to the Grand Jury participated in a scheme to defraud the IRS by falsifying Swiss bank documents, by falsifying IRS Forms W-8BEN, by failing to prepare IRS Forms W-9, by setting up nominee entities, by failing to issue IRS Forms 1099, and by failing to comply with the terms of the Qualified Intermediary Agreement with the IRS in order to conceal from the IRS United States source income paid into Swiss bank accounts beneficially owned by United States taxpayers.

## COUNT ONE
(18 U.S.C. § 371)

7. The allegations contained in paragraphs 1 through 6 of the Introduction are realleged and incorporated herein.

8. From in or about 2001, the exact date being unknown to the Grand Jury, and continuing up to and including the date of this indictment, in the Southern District of Florida and elsewhere, the defendants,

**BRADLEY BIRKENFELD, and
MARIO STAGGL,**

together with others, known and unknown to the Grand Jury, including I.O., who is not named as a defendant herein, unlawfully, willfully and knowingly, did combine, conspire, confederate and agree together and with each other to defraud the United States and an agency thereof, to wit, the Internal Revenue Service of the United States Department of Treasury, in violation of Title 18, United States Code, Section 371.

## OBJECT OF THE CONSPIRACY

9. It was a part and an object of the conspiracy that defendants BRADLEY BIRKENFELD and MARIO STAGGL and their co-conspirators, including I.O., would and did defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful governmental functions of the IRS in the ascertainment, computation, assessment and collection of United States income taxes.

## MEANS AND METHODS OF THE CONSPIRACY

Among the means and methods by which defendants BRADLEY BIRKENFELD and MARIO STAGGL and their co-conspirators would and did carry out the conspiracy were the following:

10. It was part of the conspiracy that defendants BRADLEY BIRKENFELD, MARIO STAGGL and others would and did market the advantages of Swiss and Liechtenstein bank secrecy to wealthy United States clients interested in attempting to evade United States income taxes, in particular by claiming that Swiss and Liechtenstein bank secrecy was impenetrable.

11. It was further part of the conspiracy that defendants BRADLEY BIRKENFELD, MARIO STAGGL, and others would and did travel to the United States to market investments including United States securities to United States clients which they were not licensed to market. The defendants BRADLEY BIRKENFELD, MARIO STAGGL, and others would and did market these same investments to United States clients from Switzerland, Liechtenstein, and elsewhere via mailing, emails, and telephone calls to and from the United States.

12. It was further part of the conspiracy that defendants BRADLEY BIRKENFELD, MARIO STAGGL and others would and did travel to the United States to conduct banking with United States clients. The defendants BRADLEY BIRKENFELD, MARIO STAGGL, and others would and did conduct banking with United States clients from Switzerland, Liechtenstein, and elsewhere via mailings, emails, and telephone calls to and from the United States.

13. It was further part of the conspiracy that defendants BRADLEY BIRKENFELD, MARIO STAGGL and others would and did travel to the United States to solicit United States

clients to utilize Swiss bank credit cards that they claimed could not be discovered by United States authorities to United States clients. The defendants BRADLEY BIRKENFELD, MARIO STAGGL, and others would and did solicit and sell these same credit cards to United States clients from Switzerland, Liechtenstein, and elsewhere via mailings, email and telephone calls to and from the United States.

14. It was further part of the conspiracy that defendants BRADLEY BIRKENFELD, MARIO STAGGL and others would and did prepare Swiss and Liechtenstein bank account applications, and IRS Forms W-8BEN, which falsely and fraudulently concealed that United States Taxpayers were the beneficial owners of offshore bank and financial accounts maintained in foreign countries, including Switzerland and Lichtenstein.

15. It was further part of the conspiracy that defendants BRADLEY BIRKENFELD, MARIO STAGGL and others would and did cause shell companies to be set up and used as the nominee owners for the Swiss Bank and Liechtenstein bank accounts in order to conceal the United States citizen's beneficial ownership of the bank accounts.

16. It was further part of the conspiracy that defendants BRADLEY BIRKENFELD, MARIO STAGGL and others would and did advise United States clients to destroy all offshore banking records existing in the United States.

17. It was further part of the conspiracy that defendants BRADLEY BIRKENFELD, MARIO STAGGL and others would and did cause to be prepared and filed with the IRS income tax returns that falsely and fraudulently omitted income earned by United States clients from their Swiss bank and Liechtenstein bank accounts.

18. It was further part of the conspiracy that defendants BRADLEY BIRKENFELD,

MARIO STAGGL and others would and did cause to be prepared and filed with the IRS income tax returns that falsely and fraudulently reported that United States clients did not have an interest in, and a signature and other authority over, financial accounts located in a foreign country.

## OVERT ACTS

In furtherance of the conspiracy and to effect the illegal objects thereof, defendants BRADLEY BIRKENFELD, MARIO STAGGL and their co-conspirators, including I.O., committed the following overt acts, among others, in the Southern District of Florida and elsewhere:

19. On or about June 18, 2001, defendant BRADLEY BIRKENFELD caused to be sent bank account opening documents from the Swiss branch of a large bank based in London via Federal Express from Geneva, Switzerland to the California corporate headquarters of I.O., including an IRS Form W-9, Request for Taxpayer Identification Number and Certification.

20. On or about June 21, 2001, I.O. caused to be sent completed bank account opening documents for an account at the Swiss branch of a large bank based in London to defendant BRADLEY BIRKENFELD, including a Form W-8BEN, Certificate of Foreign Status of Beneficial Owner for United States Tax Withholding that falsely and fraudulently claimed that the beneficial owner of the newly opened account was a shell corporation located in the Bahamas.

21. On or about July 26, 2001, defendant BRADLEY BIRKENFELD caused to be sent an email to I.O. and others that the large bank based in London was terminating North American clients, travel and resources, and that his new employer, the Swiss Bank, had a superior network,

product range and management, and had recently acquired a large United States securities brokerage house in order to enhance United States investment expertise.

22. On or about September 13, 2001, defendant MARIO STAGGL caused to be sent from Vaduz, Liechtenstein to I.O. at an address in the United States promotional materials that marketed the use of Liechtenstein trusts, foundations and other entities to evade United States and Swiss tax.

23. On or about October 19, 2001, defendant BRADLEY BIRKENFELD caused to be sent via facsimile to I.O. at a United States facsimile number Swiss bank account opening documents from the Swiss Bank, including a form entitled "Verification of the beneficial owner's identity." This form, executed by I.O., falsely and fraudulently stated that I.O. was not the beneficial owner, and that a nominee Bahamian corporation was beneficial owner of the account. The application further listed I.O. as a signatory to the account.

24. In or about November 2001, I.O. traveled from the United States to Geneva, Switzerland to meet with defendant MARIO STAGGL regarding setting up Denmark and Liechtenstein entities to conceal I.O's ownership of his off-shore assets.

25. On or about December 4, 2001, defendant MARIO STAGGL recommended to I.O. that in order to further conceal I.O.'s ownership of off-shore assets, I.O. should set up an entity in the British Virgin Islands, Panama or Gibraltar that "would lead to another 'safety break' in a tax and anonymity aspect."

26. On or about December 19, 2001, defendant MARIO STAGGL caused to be executed a "Letter of Intent," which stated that New Haven Trust Company Limited, trustee of The Landmark Settlement, intended to hold the trust property for the benefit of I.O., and, after his

8

demise, for his children.

27. On December 19, 2001, in response to a request from I.O. for the address, fax and telephone number of the Danish holding companies, defendant MARIO STAGGL caused to be sent an email to I.O. that stated there was no need for an address, fax, and telephone number for the Danish holding companies because, "...we do not anticipate any contact from third parties what so ever."

28. On or about December 17, 2001, I.O. caused to be wire transferred approximately $89.4 million from the Bahamas branch of the large bank based in London bank account to an account at the Swiss Bank.

29. On or about March 13, 2002, defendant BRADLEY BIRKENFELD caused to be sent a facsimile to I.O. at a United States facsimile number listing $15 million of bonds that an investment manager at the Swiss Bank had purchased for I.O.

30. On or about March 25, 2002, I.O. caused to be sent a facsimile from the United States to defendant BRADLEY BIRKENFELD in Switzerland, authorizing defendant BRADLEY BIRKENFELD to issue five credit cards from the Swiss Bank to I.O. and others.

31. On or about April 6, 2002, I.O. caused to be sent a letter from the United States to defendant BRADLEY BIRKENFELD in Switzerland authorizing the wire transfer of $80 million from one account at the Swiss Bank to another account at the Swiss Bank.

32. On or about April 15, 2002, I.O. filed his United States Individual Income Tax Return, Form 1040, for the 2001 tax year, listing his address as Southern California that fraudulently omitted income earned from off-shore assets and falsely represented that I.O did not have an interest in, and a signature and other authority over, financial accounts located in a

foreign country.

33. On or about April 23, 2002, defendant MARIO STAGGL caused to be sent an email to I.O. in the United States with instructions for I.O. to transfer a portfolio, worth approximately $60 million, containing United States securities from a brokerage house in London to an account in the name of a Danish shell corporation at a Liechtenstein bank.

34. On or about April 25, 2002, an unindicted co-conspirator caused to be sent an email to I.O. in the United States, with a copy to defendant MARIO STAGGL, that recommended that I.O. should set up United Kingdom companies to act as nominee shareholders. As stated in the email, "... the partners appear to be U.K. companies and Liechtenstein does not appear to be connected.... The role of the U.K. companies is simply to act as nominee shareholders."

35. On March 25, 2002, I.O. caused to be sent a facsimile from the United States authorizing defendant BRADLEY BIRKENFELD in Switzerland to wire transfer $39 million from one account at the Swiss Bank to another account at the Swiss Bank.

36. On or about May 5, 2002, I.O. caused to be sent an email from the United States to defendant BRADLEY BIRKENFELD and MARIO STAGGL stating that he was concerned about the security of some of his Liechtenstein accounts and was considering becoming a signatory to these accounts.

37. On or about May 7, 2002, defendant MARIO STAGGL caused to be sent a reply email to the United States advising I.O. not to put his name on any Liechtenstein accounts because doing so could "jeopardize the structure," and reminded I.O. that he had executed blank

account signature cards that defendant MARIO STAGGL could use.

38. On or about April 15, 2003, I.O. filed his United States Individual Income Tax Return, Form 1040, for the 2002 tax year, listing his address as Sanctuary Cove, Florida that fraudulently omitted income earned from off-shore assets and falsely represented that I.O. did not have an interest in, and a signature and other authority over, financial accounts located in a foreign country.

39. On or about May 19, 2003, defendant MARIO STAGGL caused to be sent an email to I.O. in the United States, with a copy to defendant BRADLEY BIRKENFELD, that stated that defendant MARIO STAGGL's lawyers in Gibraltar told him "that everthing is now in order to proceed with the application to transfer ownership"of I.O.'s 147 foot yacht to a holding company in Gibraltar..

40. On or about March 24 and March 25, 2004, defendant BRADLEY BIRKENFELD traveled to the Southern District of Florida to meet with I.O. and a banker from the Swiss Bank's New York branch in order to solicit I.O. to take out real estate loans with the Swiss Bank using his undeclared off-shore assets as collateral.

41. On or about April 15, 2004, I.O. filed his United States Individual Income Tax Return, Form 1040, for the 2003 tax year, listing his address as Lighthouse Point, Florida that fraudulently omitted income earned from off-shore assets and falsely represented that I.O. did not have an interest in, and a signature and other authority over, financial accounts located in a foreign country.

42. On or about April 15, 2005, I.O. filed his United States Individual Income Tax Return, Form 1040, for the 2004 tax year, listing an address in Lighthouse Point, Florida that

fraudulently omitted income earned from off-shore assets and falsely represented that I.O. did not have an interest in, and a signature and other authority over, financial accounts located in a foreign country.

43.   On or about June 12, 2005, defendants BRADLEY BIRKENFELD and MARIO STAGGL met with I.O. at a Liechtenstein bank and advised him to transfer all of his assets held by the Swiss Bank to a Liechtenstein bank because Liechtenstein had better bank secrecy laws than Switzerland.

All in violation of Title 18, United States Code, Section 371.

A TRUE BILL

FC

_____
R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

_____
KEVIN DOWNING, SENIOR TRIAL ATTORNEY
MICHAEL P. BEN'ARY, TRIAL ATTORNEY
UNITED STATES DEPARTMENT OF JUSTICE, TAX DIVISION

_____
JEFFREY A. NEIMAN
ASSISTANT UNITED STATES ATTORNEYS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO. _____

vs.
BRADLEY BIRKENFELD and MARIO STAGGL

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**
New Defendant(s)       Yes ___   No ___
Number of New Defendants   ___
Total number of counts      ___

**Court Division:** (Select One)

___ Miami      ___ Key West
_X_ FTL        ___ WPB  ___ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:   (Yes or No)  No
   List language and/or dialect _____

4. This case will take _10-12_ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                              (Check only one)

   I    0 to 5 days     ___         Petty    ___
   II   6 to 10 days    _X_         Minor    ___
   III  11 to 20 days   ___         Misdem.  ___
   IV   21 to 60 days   ___         Felony   _X_
   V    61 days and over ___

6. Has this case been previously filed in this District Court? (Yes or No)  No
   If yes:
   Judge: _____   Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No) _____
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____   District of _____

   Is this a potential death penalty case? (Yes or No)  No

7. Does this case originate from a matter pending in the U.S. Attorney's Office prior to April 1, 2003?   ___ Yes   _X_ No

8. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999?   ___ Yes   _X_ No
   If yes, was it pending in the Central Region?   ___ Yes   _X_ No

9. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003   ___ Yes   _X_ No

10. Does this case originate from a matter pending in the Narcotics Section (Miami) prior to May 18, 2003?   ___ Yes   _X_ No

11. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?   ___ Yes   _X_ No

_____
JEFFREY A. NEIMAN
ASSISTANT UNITED STATES ATTORNEY
Court Bar No. 544469

*Penalty Sheet(s) attached                                    REV.1/14/04

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name: __BRADLEY BIRKENFELD__   No.: _____

**Count #1:**
Conspiracy to Defraud; in violation of 18 U.S.C. §371

*Max Penalty: Five years' maximum term of imprisonment; three years' supervised release; and $250,000 fine

**Count # :**

*Max Penalty: _____

**Count # :**

*Max Penalty: _____

**Count # :**

*Max Penalty: _____

**Count # :**

*Max Penalty: _____

**Count # :**

*Max Penalty: _____

**Count # :**

*Max Penalty: _____

**Count # :**

*Max Penalty: _____

**Count # :**

*Max Penalty: _____

**Count # :**

*Max Penalty: _____

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.

REV. 12/12/96

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name:  __MARIO STAGGL__   No.: _____

**Count #1:**
Conspiracy to Defraud; in violation of 18 U.S.C. §371

*Max Penalty: Five years' maximum term of imprisonment; three years' supervised release; and $250,000 fine

**Count # :**

*Max Penalty: _____

**Count # :**

*Max Penalty: _____

**Count # :**

*Max Penalty: _____

**Count # :**

*Max Penalty: _____

**Count # :**

*Max Penalty: _____

**Count # :**

*Max Penalty: _____

**Count # :**

*Max Penalty: _____

**Count # :**

*Max Penalty: _____

**Count # :**

*Max Penalty: _____

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.

REV. 12/12/96